NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009
Decided February 18, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2849

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-215-C-01 |
| DEVADA BURNS, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Devada Burns pleaded guilty to possessing crack for distribution and was initially sentenced in May 2007 to 292 months' imprisonment, the low end of the then-applicable guidelines range. Burns filed a direct appeal, but his appointed counsel (who has represented Burns throughout this criminal case) concluded that the appeal was frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). After reviewing counsel's supporting brief, however, we concluded that the appeal presented a nonfrivolous claim arising from *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which was pending when Burns was sentenced. We thus denied counsel's motion to withdraw. *United States v.*

*Burns*, No. 07-2187 (7th Cir. Apr. 1, 2008) (interim order). Burns and the government then negotiated a joint motion to remand the case for resentencing in light of *Kimbrough*, which resolved the direct appeal. *United States v. Burns*, No. 07-2187 (7th Cir. May 8, 2008) (unpublished order).

On remand the district court gave Burns the benefit of a post-sentencing amendment that lowered his base offense level under U.S.S.G. § 2D1.1 by two levels. *See* U.S.S.G., Supp. to App. C 226-31 (2008) (Amendment 706). That change also reduced his imprisonment range to 235 to 293 months. Apart from the change to the base offense level, however, there was no further discussion about the objections made and rejected at the initial sentencing, nor did Burns raise any new objections on remand. Counsel for both parties instead confined the discussion to what sentence would be appropriate, and the court addressed those arguments in selecting a term of 214 months. Burns, though, again filed a notice of appeal, and once more counsel has moved to withdraw under *Anders*. Counsel has included three potential issues in his supporting brief, two of which Burns joins in his response to counsel's submission, *see* CIR. R. 51(b), but these potential issues are beyond the scope of this appeal because we reviewed them already and they were not reconsidered at resentencing. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2006); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). In any event, we concur with counsel that all three possible claims would be frivolous.

In his response Burns also proposes to argue that counsel's performance has been deficient, and that the below-range sentence he received on remand is unreasonably high. Any question about counsel's performance, however, is best presented in a postconviction motion where a factual record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

As for the reasonableness of Burns's sentence, the district court acknowledged its discretion under *Kimbrough* and concluded that Burns deserved a lower sentence. The court declined to reduce his sentence below 214 months, however, reasoning that further reduction would minimize not only the serious nature of Burns's current drug dealing, but also his extensive criminal history and his use of a firearm. This conclusion was not unreasonable, and any argument to the contrary would be frivolous. *See* 18 U.S.C. § 3553(a); *Kimbrough*, 128 S. Ct. at 576.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.